UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CORENLIUS DEWAYNE GORDON,
   Plaintiff,

vs.                                                                                    No. 08-1349

CHAD RAMEY, et. al.,
   Defendants

## SUMMARY JUDGMENT ORDER

This cause is before the court for consideration of the Defendants motion for summary judgment [d/e 49] and the Plaintiff's motion for default judgment. [d/e 52].

## I. BACKGROUND

The pro se Plaintiff originally filed his complaint pursuant to 42 U.S.C. §1983 on November 28, 2008. On December 15, 2009, the court dismissed the Plaintiff's original complaint as a violation of Rules 18 and 20 of the Federal Rules of Civil Procedure. *See* December 15, 2008 Court Order. The Plaintiff was given additional time to file an amended complaint and on July 21, 2009 the court found that the Plaintiff had stated the following claims:

>   a) Decatur Police Officer Chad Ramey used excessive force against the Plaintiff on January 10, 2007; and,
>   b) Decatur Police Officer Chad Larner failed to protect the Plaintiff from the assault by Officer Ramey. *See* July 20, 2009 Merit Review Order.

The Defendants have now filed a motion for summary judgment. [d/e 49]. The Plaintiff has filed a response to the dispositive motion [d/e 53], but he has also filed a "Motion for Default Judgment." [d/e 52]. The Plaintiff's motion is actually asking the court to strike the Defendants' motion for summary judgment as untimely. On January 31, 2010, the court struck the first motion for summary judgment filed by the Defendants because it was not submitted in the proper format. *See* January 31, 2011 Text Order. The Defendants had not provided a statement of undisputed facts, nor did they provide a memorandum citing the relevant facts and law in support of their motion. Therefore, the court struck the Defendants' motion and gave them 21 days to refile. The Defendants filed the revised motion for summary judgment on the 21st day. [d/e 49] However, the Plaintiff says he did not receive his copy until after the stated deadline. The court finds that the motion was timely filed and the Plaintiff has had ample time to file a response. The Plaintiff's motion is therefore denied. [d/e 52]

## II. FACTS

The Plaintiff was charged in Macon County with several drug offenses as the result of his arrest on January 10, 2007. (Def. Mot, Ex. 1). The incident alleged in the Plaintiff's complaint occurred during his subsequent custodial interrogation at the Decatur Police Department. The Assistant Public Defender who was appointed to represent the Plaintiff moved to suppress the Plaintiff's confession claiming that it was coerced. (Def. Mot, Ex. 2). During the hearing, the Plaintiff stated that Officer Ramey punched the Plaintiff with his fists two times at least two times. (Def. Mot., Ex. 2, p. 32). The Plaintiff's counsel specifically stated that the officer used "excessive force" during the interrogation. (Def. Mot, Ex. 2, p. 25) The Plaintiff also alleged that Officer Larner was in the room and did nothing during the assault. (Def. Mot, Ex. 2, p. 32-33) At the conclusion of the hearing, the state court denied the Plaintiff's motion to suppress his confession. (Def. Mot, Ex. 3, p. 3). The Plaintiff was later convicted of all offenses following a trial in case *People v Gordon,* Case No. 07 CF 74. That conviction has not been reversed, expunged or declared invalid.

## III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## IV. ANALYSIS

The Defendants point to several reasons the court should grant summary judgment including their claim that the Plaintiff cannot relitigate the same claims he brought in state court in this §1983 action. The Supreme Court has held that both res judicata and collateral estoppel (sometimes referred to as "issue preclusion") may bar a §1983 lawsuit. *Allen v. McCurry,* 449 U.S. 90, 96-97 (1980). "[R]es judicata and collateral estoppel not only reduce unnecessary

litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 95-96. Courts have applied collateral estoppel to similar §1983 litigation based upon a decision in a pretrial suppression hearing in a prior criminal case. *See Hunt v. Thomas*, 2008 WL 4442589 (N.D.Ill., Sept. 26, 2008) (collateral estoppel precluded litigation of §1983 excessive force claim when state criminal court previously denied a motion to suppress a confession allegedly coerced by excessive force); *see also Smith v Boudreaux*, 852 N.E.2d 433, 445-46 (1st Dist. 2006).

This court looks to the law of the forum state (here, Illinois) to determine the preclusive effect of a state court judgment. *Brengettcy v. Horton,* 423 F.3d 674, 683 (7th Cir. 2005). In Illinois, issue preclusion requires that: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication." *Id.* Illinois courts have also considered whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Stevenson v. City of Chicago,* 638 F.Supp. 136, 142 (N.D. Ill. 1986).

There are exceptions, however, to the preclusive effect of a prior decision under Illinois law. Specifically, "collateral estoppel is unavailable when: (1) 'additional evidence' is discovered after the prior decision; or (2) the party against whom preclusion is sought was unable to appeal the judgment in the initial action." *Sornberger v. City of Knoxville,* 434 F.3d 1006, 1020 (7th Cir. 2006). Furthermore, "[c]ollateral estoppel is an equitable doctrine.... Even when the technical conditions of the doctrine are met, collateral estoppel must not be applied to preclude an issue 'unless it is clear that no unfairness results to the party being estopped.' " *Id.* at 1022-23.

In the case before the court, the Plaintiff was a party in the prior criminal proceeding and he testified concerning the actions of both Defendants. The transcript provided to the court does not include the reasons for the court's decision to deny the motion to suppress, but clearly the court did not find the Plaintiff's claims of excessive force during the interrogation to be credible. In response to the motion for summary judgment, the Plaintiff simply says his Public Defender "half-heartedly represented him during his suppression of confession hearing," but the Plaintiff does not point to any specific problems with the hearing, his representation or the evidence presented. The Plaintiff has not presented any new evidence, nor was he prevented from appealing the issues in his state court case. (Def. Mot, p. 2). Therefore, the Defendants' motion for summary judgment is granted.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's "Motion for a Default Judgment"asking the court to dismiss the Defendants' motion for summary judgment is denied. [d/e 52]**

2) The Defendants' motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 49] The clerk of the court is directed to enter judgment in favor of the Defendants in accordance with this order. The parties are to bear their own costs. This case is terminated.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the Plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

4) The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

5) The Plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change. Release from incarceration does not relieve the Plaintiff of his obligation to pay the filing fee in full.

6) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 16th day of May, 2011.

                      s/Michael M. Mihm
            _____
                    MICHAEL M. MIHM
              UNITED STATES DISTRICT JUDGE